# Home Protective Savings & Loan Assn. *v.* McCarter, Appellant.

*Equity—Injunction—Removal of building by mortgagor—Costs.*

A decree of a court of equity imposing costs upon the defendant in a decree dissolving a preliminary injunction and dismissing a

bill, will be sustained, where it appears that the bill was filed by a mortgagee to restrain the mortgagor from removing a building from the mortgaged premises; that after a preliminary injunction had been granted the bill was taken pro confesso; that upon further consideration of the bill, after the decree pro confesso had been entered, the mortgagor admitted that he intended to remove the house; and that subsequently he paid the mortgage debt and it was duly satisfied of record. In such a case the only question that can be considered on the appeal is the disposition of the costs, and these are within the sound discretion of the court below. The fact that the injunction affidavits on which the preliminary injunction was awarded, were not in compliance with the equity rules, will not be considered by the appellate court.

Argued April 17, 1917.    Appeal, No. 160, April T., 1917, by defendant, from decree of C. P. Beaver Co., Dec. T., 1916, No. 1, imposing costs upon defendant in case of Home Protective Savings & Loan Assn. v. Clement B. McCarter, Appellant, and Edward Wayne.    Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREX-LER and WILLIAMS, JJ.    Affirmed.

Bill in equity for an injunction.    Before BALDWIN, P. J.

From the record it appeared that the bill was filed by a mortgagee against a mortgagor to restrain the removal of an eight-room house from the mortgaged premises. A preliminary injunction was awarded. Subsequently the defendant moved to dismiss the bill and dissolve the injunction on the ground that plaintiffs had not filed proper injunction affidavits. This motion was dismissed and the preliminary injunction continued. Thereafter the bill was taken pro confesso for want of an answer. Subsequently at a hearing on a second motion to dismiss the bill, the defendant admitted that he intended to remove the house. Thereafter he paid the mortgage debt and it was satisfied of record. The court entered a decree dissolving the injunction, dismissing the bill, and imposing the costs upon the defendant.

122 HOME P. S. & L. ASSN. *v.* McCARTER, Appellant.

Assignment of Errors—Opinion of the Court. [68 Pa. Superior Ct.

*Errors assigned* were (1) in granting the preliminary injunction; (2, 3) in overruling the motions to dissolve the injunction and (4) final decree.

*James L. Hogan,* for appellant.

*W. S. Morrison,* of *Hice, Morrison, Reader & May,* for appellee.

OPINION BY KEPHART, J., July 13, 1917:

This bill was filed in the court below by the mortgagee to restrain the mortgagor from removing a building from the mortgaged premises. A preliminary injunction was granted, which was later continued. In due time an order was entered that the bill be taken pro confesso in default of an answer. At the preliminary hearing, and upon further consideration of the bill after the decree pro confesso, the mortgagor admitted that he intended to move the house from the mortgaged premises. Subsequently he paid the mortgage debt and it was duly satisfied of record. Upon this state of facts the objection to the injunction affidavits cannot be entertained. The only question to be considered is the disposition of the costs. They are within the sound discretion of the chancellor: O'Hara v. Stack, 90 Pa. 477. And unless there is an abuse of that discretion, the appellate court will not interfere in the imposition of costs: Miller v. Dilkes, 251 Pa. 44. The order placing the costs on the appellant in this proceeding was a proper one. The decree is affirmed. Appellant for costs.